**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00047-MR**

| | |
|---|---|
| **KENNETH LEE SHEPPARD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **FNU CLAIBORNE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1].

**I.    BACKGROUND**

In this action filed on January 29, 2021, pursuant to 42 U.S.C. § 1983, pro se Plaintiff Kenneth Lee Sheppard ("Plaintiff"), a prisoner currently incarcerated at Greensville Correctional Center ("GCC") in Jarratt, Virginia, purports to bring claims arising out of events occurring in Greensville County, Virginia.  Plaintiff names FNU Claiborne, identified as a Food Service Coordinator at GCC, and Doe Nos. One through Eight as Defendants in this matter.[1] [Doc. 1 at 1-2]. Plaintiff alleges violations of his rights under the First

---

[1] Greensville County, Virginia, is located in the Eastern District of Virginia.  In his Complaint, Plaintiff identifies the institution as the Greenville Correctional Center in

and Fourteenth Amendments to the U.S. Constitution and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq., relative to Plaintiff, a Muslim, having been fed pork sausage. [Doc. 1]. Plaintiff claims that "diversity jurisdiction exists because Plaintiff [was] domiciled in N. Carolina prior to unlawfull [*sic*] detention." [Id. at 2].

## II. DISCUSSION

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Therefore, under Section 1391, Plaintiff's action may be heard in a venue where all the defendants reside, or in the venue where the issue substantially arose, which here is the Eastern District of Virginia. Pursuant

---

Jarratt, Virginia, [Doc. 1 at 1], which the Court understands to be identifying the Greensville Correctional Center.

to 28 U.S.C. § 1406(a), the Court may dismiss this action, or, if it is in the interest of justice, transfer this action to the United States District Court for the Eastern District of Virginia. The Court will transfer this action to the Eastern District of Virginia.

### III. CONCLUSION

For the reasons stated herein, the Court transfers this action to the Eastern District of Virginia.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's action is transferred to the Eastern District of Virginia.

2. The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: February 2, 2021

Martin Reidinger
Chief United States District Judge