IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KENNETH LEE SHEPPARD,  )
  )
    Plaintiff,  )
  )
v.  )  Civil Action No. 3:21CV58
  )
CLAIBORNE, *et al.*,  )
  )
    Defendants.  )

**MEMORANDUM OPINION**
**(Dismissing With Prejudice 42 U.S.C. § 1983 Action)**

Kenneth Lee Sheppard, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the action will be dismissed for failure to state a claim, because it is legally frivolous, and because it is moot.

    I.    **PRELIMINARY REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2)

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

"fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints

containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ALLEGATIONS AND CLAIMS

In his Complaint, Sheppard asserts that Food Service Supervisor Claiborne and eight unidentified Doe Defendants violated his First Amendment rights,[2] and his rights

---

[2] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

under the Religious Land Use and Institutionalized Persons Act ("RLUIPA")[3] during his prior incarceration in the Greensville Correctional Center. (ECF No. 1, at 1–2.) Sheppard alleges as follows:[4]

> 1) Plaintiff: Kenneth Lee Sheppard AKA Adbul-Aleem is [a] registered Muslim from Charlotte, N.C.
>
> 2) Abdul-Aleem holds his religious beliefs as a matter of liberty and life. And he seriously holds to the major tenets of his religion, which are sincerely held religious belief[s].
>
> 3) Amongst the major tenets of his belief[s]/faith are as it's stated in the Noble Quaran Surats . . . [that he is] not to eat the flesh of the swine . . . .
>
> . . .
>
> 5) On June 3, 2020, Plaintiff Kenneth Sheppard AKA Abdul-Aleem was serve[d] pork sausage by the Defendant(s).
>
> 6) On 8/7/2020, an investigation into the claim revealed that the Level I, Respondent (to Abdul-Aleem['s] informal complaint [and] grievance(s) on this issue), "acknowledged the error."
> Plaintiff is informed [and] believes and based on said information and belief declares that the Defendants fed him pork based on their own invidious class-based racial animus about black Muslims. . . .
>
> 7) Based on the information provided, Marcus Elam, Regional Administrator, stated, "I am upholding the decision of Level I Respondent which has determined that your grievance was founded." . . .
>
> 8) The Defendants conspired to evade liability to Plaintiff Abdul-Aleem by claiming falsely on government documents that they "subsequently applied corrective measures on July 21, 2020." However, there are no institutional remedies available for Plaintiff, Abdul-Aleem's injuries.

---

[3] 42 U.S.C. § 2000cc–1(a).

[4] The Court employs the pagination assigned to Sheppard's submissions by the CM/ECF docketing system. The Court corrects the spacing, punctuation, spelling, and capitalization in the quotations from Sheppard's submissions.

(*Id.* at 3–4.) Sheppard raises the following claims for relief:

Claim One: "The feeding of pork to Abdul-Aleem violated Plaintiff Abdul-Aleem's rights and constituted a free exercise of religion violation under the First Amendment." (*Id.* at 4.)

Claim Two: "The feeding of pork to Plaintiff, Abdul-Aleem violated Plaintiff, Abdul-Aleem's rights and constituted a RLUIPA violation." (*Id.* at 5.)

Claim Three: "By claiming falsely on government documents that they 'subsequently applied corrective measures on July 21, 2020,' when there are no institutional remedies available for Plaintiff['s] . . . injuries . . . Doe Defendants . . . conspire[d] to deprive Plaintiff . . . of his civil rights to . . . petition the Government for a redress of his grievances . . . [and their] act(s) or omission(s) as described above constituted a conspiracy to deprive [Plaintiff] of civil rights . . . under the 1st [and] 14th Amendments." (*Id.*)

Sheppard demands monetary damages of "$7,000,000,000.00 punitive," injunctive relief, the appointment of counsel, and the recovery of costs. (*Id.* at 6.)

As explained below, Claims One and Three fail to state a claim on which relief may be granted and are legally frivolous, and Claim Two is moot.

### III.  ANALYSIS

#### A.  No Personal Involvement by Defendants

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is

5

properly dismissed, even under the liberal construction to be given *pro se* complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Here, Sheppard fails to mention the only named Defendant, Defendant Claiborne, in the body of the Complaint. Thus, he has failed to allege a claim against Defendant Claiborne.

Sheppard also names eight Doe Defendants. Sheppard makes no attempt to provide enough information to identify these unknown Defendants. Moreover, none of his allegations are directed at a specific Defendant and Sheppard fails to identify how each Doe Defendant personally violated his rights. Rather, Sheppard simply contends that "Defendants" violated his rights. This is insufficient to state a claim against any of the Doe Defendants. *Cf. Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008) (citation omitted) (explaining that vague references to a group of "defendants," without specific allegations tying the individual defendants to the alleged unconstitutional conduct, fail to state a claim against those defendants). Thus, Sheppard fails to allege facts that would plausibly suggest how any of the Defendants were personally involved in the deprivation of his rights. For this reason alone, Sheppard's claims may be dismissed in their entirety. However, even if the Court were to look at the merits of his claims, as discussed below, Sheppard fails to state a cognizable claim for relief.

### B. RLUIPA Claim is Moot

It is settled that RLUIPA does not authorize a private cause of action for money damages against state officials in their official or personal capacities. *Sossamon v. Texas*, 563 U.S. 277, 293 (2011) (holding that state officials sued in their official capacities

6

enjoy Eleventh Amendment Immunity against RLUIPA claims for damages); *Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009) (concluding that, as an exercise of Congress's spending clause authority, RLUIPA failed to authorize claims for monetary damages against state officials in their individual capacities); *see Haight v. Thompson*, 763 F.3d 554, 569–70 (7th Cir. 2014) (concluding that, as an exercise of Congress's authority under the Commerce Clause, RLUIPA failed to authorize claims for monetary damages against state officials in their individual capacities). Accordingly, Sheppard's demands for monetary damages with respect to RLUIPA will be dismissed.

Additionally, Sheppard is not entitled to pursue a claim for injunctive relief under RLUIPA because Sheppard's release from incarceration moots his claim for injunctive relief. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman*, 569 F.3d at 186 (citing *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986)). Accordingly, Sheppard's demands for injunctive relief will be dismissed as moot.[5] As Sheppard cannot obtain any relief under RLUIPA, Claim Two will be dismissed.

### C.     First Amendment Free Exercise

In Claim One, Sheppard contends that Defendants violated his First Amendment rights under the Free Exercise Clause when they served him pork sausage on one

---

[5] The Court notes that Sheppard's request for injunctive relief with respect to his other claims is also moot and will be dismissed.

occasion. To state a claim, Sheppard must allege facts that suggest that "(1) he holds a sincere belief that is religious in nature" and (2) that Defendants imposed a substantial burden on the practice of his religion. *Whitehouse v. Johnson*, No. 1:10cv1175 (CMH/JFA), 2011 WL 5843622, at *4 (E.D. Va. Nov. 18, 2011) (citing *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989)). "Government officials impose a substantial burden on the free exercise of religion by 'put[ting] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Massenburg v. Adams*, No. 3:08cv106, 2011 WL 1740150, at *4 (E.D. Va. May 5, 2011) (alteration in original) (quoting *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (some internal quotation marks omitted)).

As an initial matter, Sheppard fails to allege facts that Defendants intentionally deprived him of his free exercise rights, and for that reason alone his claim fails. "[O]nly intentional conduct is actionable under the Free Exercise Clause." *Lovelace*, 472 F.3d at 201. Thus, "[n]egligent acts by officials causing unintended denials of religious rights do not violate the Free Exercise Clause." *Id.* (citations omitted). Sheppard contends that on June 3, 2020, he "was served pork sausage by the Defendant(s)," and that Defendants later acknowledged the error. (ECF No. 1, at 3.) Although Sheppard attempts to assign this error to Defendants' alleged "invidious class-based racial animus against black Muslims" (*id.*), he offers nothing more than this vague, conclusory, and unsupported statement. Here, Sheppard fails to assert that Defendants "conscious[ly] or intentional[ly] interfere[d] with his free exercise rights." *Lovelace*, 472 F.3d at 201. To the contrary, Sheppard fails to allege anything more than "a negligent interference with free exercise rights," a claim "not actionable under § 1983." *Id.* Sheppard fails to allege

facts that would plausibly suggest that by serving him pork on one occasion, and later admitting to the error, Defendants intentionally violated his First Amendment rights. For this reason, Claim One will be dismissed for failure to state a claim and as legally frivolous.[6]

### D. Civil Conspiracy

In Claim Three, Sheppard contends that "[b]y claiming falsely on government documents that they 'subsequently applied corrective measures on July 21, 2020,' when there are no institutional remedies available for Plaintiff['s] . . . injuries . . . Doe Defendants . . . conspire[d] to deprive Plaintiff . . . of his civil rights to . . . petition the Government for a redress of his grievances . . . [and their] act(s) or omission(s) as described above

---

[6] Even if Sheppard could somehow show the act in serving him pork on one occasion was an intentional act by Defendants, Sheppard still fails to state a claim for relief. Assuming that Sheppard's religious beliefs are sincere, Sheppard fails to allege that Defendants imposed a substantial burden on his ability to practice his religion. Sheppard has not alleged that Defendants' actions have put "substantial pressure" on him to "modify his behavior and to violate his beliefs." *Id.* at 187. Sheppard suggests that on one occasion, the Greensville cafeteria staff accidentally served him pork sausage. Although Sheppard clearly suggests that it violates his religion to eat pork, he fails to allege facts that would plausibly suggest that by being served pork once, Defendants placed substantial pressure on him to violate his religious beliefs. *Lovelace*, 472 F.3d at 187. Thus, Sheppard fails to allege that Defendants substantially burdened his religious practice. *See Krieger v. Brown*, 496 F. App'x 322, 325–26 (4th Cir. 2012); *see also Shabazz v. Va. Dep't of Corr.*, No. 3:10CV638, 2013 WL 1098102, at *6–9 (E.D. Va. Mar. 15, 2013). Moreover, Sheppard does not suggest that he is prohibited from engaging in any other tenets of his religion. *See Whitehouse*, 2011 WL 5843622, at *4 (holding that where inmate possesses the ability to handwrite religious coursework instead of his preferred method of typing, inmate failed to allege a substantial burden on his religion). Rather, Sheppard states nothing more than the legal standard for a First Amendment claim with no facts supporting his claim that his religion was substantially burdened by Defendants. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" is insufficient to plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

9

constituted a conspiracy to deprive [Plaintiff] of civil rights . . . under the 1st [and] 14th Amendments." (ECF No. 1, at 5.)

To establish a civil conspiracy under § 1983, Sheppard must allege facts indicating that the Defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the] deprivation of a constitutional right." *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 421 (4th Cir. 1996) (citing *Hafner v. Brown*, 983 F.2d 570, 577 (4th Cir. 1992)). To this end, Sheppard must allege facts that plausibly suggest "an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995) (quoting *Caldeira v. Cty. of Kauai*, 866 F.2d 1175, 1181 (9th Cir. 1989)). "Where the complaint makes only conclusory allegations of a conspiracy under § 1983 and fails to demonstrate any agreement or meeting of the minds among the defendants, the court may properly dismiss the complaint." *Brown v. Angelone*, 938 F. Supp. 340, 346 (W.D. Va. 1996) (citations omitted).

It is entirely unclear on what basis Sheppard believes Defendants conspired against him. Apparently, Sheppard wanted Defendants to take some unidentified action after they determined his grievance was founded. However, Sheppard fails to provide any facts that plausibly suggest that these Defendants "formed any type of agreement or acted in concert to injure him." *Id.* "The mere fact that each of these actors played a part in the events is not sufficient to show such a unity of purpose." *Id.* For this reason, Sheppard's conspiracy claim, Claim Three, will be dismissed for failure to state a claim.

### IV. CONCLUSION

Accordingly, Sheppard's claims and the action will be dismissed. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

                                                      /s/
                                      Henry E. Hudson
                                      Senior United States District Judge

Date: Oct 26, 2021
Richmond, Virginia